IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICARDO RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:23-CV-076-Z |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS

Petitioner, Ricardo Rodriguez, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. By order to show cause signed June 20, 2023, the undersigned noted that the motion appeared to be untimely and ordered Petitioner to file a response no later than July 7, 2023, explaining why this case is not barred by the one-year statute of limitations or why the statute of limitations should be tolled on equitable grounds. Petitioner has filed his response to the order. Having considered the motion, the response to the order, the record, and applicable authorities, the undersigned recommends that the motion be DISMISSED as untimely.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On October 13, 2021, Petitioner was named in a two-count indictment charging him in count one with conspiracy to distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute a mixture and substance

containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (CR ECF[1] 41). Petitioner initially entered a plea of not guilty to the charges against him. (CR ECF 48; CR ECF 49). On November 29, 2021, Petitioner entered a plea of guilty to count two of the indictment. (CR ECF 80). He and his attorney signed a factual resume setting forth the elements of the offense charged in count two and the stipulated facts establishing that Petitioner had committed the offense. (CR ECF 74). They also signed a plea agreement, which disclosed that Petitioner faced a term of imprisonment of twenty years and included a waiver of the right to appeal or otherwise challenge the sentence except in limited circumstances. (CR ECF 75). Having questioned Petitioner under oath and determined that the plea was knowing and voluntary, the undersigned issued a report and recommendation that the guilty plea be accepted. (CR ECF 82). No objections were filed and the Court accepted the plea of guilty. (CR ECF 88).

The probation officer prepared the presentence report ("PSR"), which reflected that Petitioner's base offense level was 38. (CR ECF 93, ¶ 30). He received a six-level increase for victim related adjustment (causing the assault of a law enforcement officer), (*id.* ¶ 32), and a two-level increase for obstruction of justice. (*Id.* ¶ 34). He received a two-level and a one-level adjustment for acceptance of responsibility. (*Id.* ¶¶ 37, 38). Based on a total offense level of 43 and a criminal history category of III, Petitioner's guideline imprisonment range was life. The statutorily authorized maximum sentence was twenty years; thus, the guideline term of imprisonment became 240 months. (*Id.* ¶ 87). Petitioner filed objections (CR ECF 102), and the probation officer filed an addendum to the PSR. (CR ECF 107).

On April 5, 2022, the Court sentenced Petitioner to a term of imprisonment of 240 months. (CR ECF 121). The Court specifically found that Petitioner received capable and effective

---

[1] The "CR ECF" reference is to the docket in the underlying criminal case, No. 2:21-CR-085-Z.

assistance of counsel, especially considering the potential for a life sentence. (CR ECF 133 at 17–18). At allocution, Petitioner simply apologized to his family and the Court, claiming to take full responsibility for his poor choices and actions. (*Id.* at 18–19). The judgment was signed and docketed on April 6, 2022. (CE ECF 121). Petitioner did not appeal.

## **LIMITATIONS**

"Section 2255 provides relief for a petitioner who can establish either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

## ANALYSIS

Petitioner's judgment was entered April 6, 2022, and became final on April 20, 2022. FED. R. APP. P. 4(b)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). He did not sign his Section 2255 motion until May 3, 2023. (ECF 3 at 10). Although Petitioner filed a motion for extension of time to file his Section 2255 motion, which was dated April 4, 2023,[2] (ECF 2 at 3), that motion did not serve as a placeholder because it did not state any of the grounds he intended to assert. It was simply a motion the Court had no jurisdiction to grant. *United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (citing *United States v. Leon*, 203 F.3d 162 (2d Cir. 2000)).

In response to the show cause order, Petitioner urges that limitations did not begin to run until the date on which facts supporting his motion were discovered, citing 28 U.S.C. § 2255(f)(4). (ECF 7). He cites to a video allegedly discovered "around" April 30, 2023, by his family. This is apparently the same video Petitioner references in his Section 2255 motion as having been released to You Tube on June 10, 2022, after his sentencing. (ECF 3 at 12, 15). In any event, it is not newly discovered evidence of the kind referenced in the statute to entitle a movant to a later running of the statute of limitations. The facts pertaining to the alleged illegal search and seizure would have been known to Petitioner when they happened, in August 2021, long before he decided to plead

---

[2] Interestingly, the motion for extension of time, which was purportedly signed April 4, 2023, bore a postmark of April 25, 2023, and was received for filing on May 1, 2023. (ECF 2). The Section 2255 motion, which was purportedly signed May 3, 2023, bore a postmark of May 8, 2023, and was received for filing on May 12, 2023. (ECF 3).

guilty. And, in any event, Petitioner's guilty plea waived his claim of a Fourth Amendment violation. *United States v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002).

Petitioner does not address equitable tolling, which applies only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). To be entitled to equitable tolling, a petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). A petitioner's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the petitioner from timely filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). As other courts have noted, even if prison law libraries were closed due to the pandemic, the prison mail systems were not. *United States v. Lara*, No. 6:21-29, 2021 WL 4087613, at *2 (S.D. Tex. Sept. 8, 2021) (citing cases). In this case, Petitioner has not made any attempt to show that he was prevented from timely filing his petition. Nor has he shown any exercise of diligence. He is not entitled to equitable tolling.

The Court need not reach the merits of the motion, which appears to be wholly frivolous.

## **RECOMMENDATION**

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Ricardo Rodriguez, be DISMISSED as untimely.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on August 8, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).